EL PUEBLO DE PUERTO RICO
Recurrido

v.

REYNALDO RIVERA RODRIGUEZ
Peticionario

Núm. KLCE-95-00016

San Juan, Puerto Rico, a 15 de febrero de 1995

Panel integrado por su presidente, el Juez Rossy García,
y los Jueces Alfonso de Cumpiano y Negrón Soto

### TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita mediante petición de *certiorari* presentada en la mañana de hoy la revisión de las resoluciones del Tribunal Superior, Sala de San Juan, de 1ro. de febrero de 1995 y de 13 de febrero de 1995, denegando respectivamente una solicitud de desestimación del pliego acusatorio bajo la Regla 64(p) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, ■ y una solicitud de supresión de evidencia. Además, se nos solicita la paralización de los procedimientos en el caso de epígrafe cuyo juicio está pautado para hoy 15 de febrero de 1995.■

El peticionario argumenta que no se estableció que él tuviera conocimiento del contenido de una caja que recibió desde California que contenía marihuana, por lo que no podía imputársele responsabilidad criminal. Alega también que la orden de allanamiento se expidió con anterioridad a la entrega de la caja por lo que al momento en que se obtuvo dicha orden, no había evidencia delictiva en su residencia, contrario a lo expresado en la misma.

Examinados los planteamientos del peticionario a la luz del derecho aplicable, así como los fundamentos de la resolución recurrida, estimamos que no erró el tribunal de primera instancia en su resolución ██ a los efectos de que la prueba desfilada en la vista preliminar era suficiente para la determinación de causa probable bajo el Artículo 401 de la Ley de Sustancias Controladas. Como señaló dicho tribunal, no hay base alguna para determinar que en la vista preliminar hubo ausencia total sobre el delito por el que se determinó causa probable para acusar y sobre la conexión del acusado con el delito. (Regla 23 de las Reglas de Procedimiento Criminal).

En cuanto a la denegatoria de la moción de supresión de evidencia, los argumentos del peticionario no nos convencen de que erró el tribunal de instancia al no decretar la ilegalidad del allanamiento. Por otro lado, tanto la orden de allanamiento como la declaración jurada que dio base a la misma sostienen la determinación judicial de denegar la supresión de evidencia. (Regla 231 de las Reglas de Procedimiento Criminal).

En virtud de todo lo anterior, se deniega la paralización de los procedimientos y la expedición del recurso.

Notifíquese inmediatamente por teléfono y por vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 6**

**1.** Como fundamento para desestimar la acusación o denuncia la regla dispone como sigue:

*"(P) que se ha presentado contra el acusado una acusación o denuncia a algún cargo de los mismos sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y al derecho."*

**2.** La presentación de recursos de esta naturaleza el mismo día del juicio, trastocan la buena marcha de los procedimientos, en perjuicio de la mejor administración de la justicia y no deben ser utilizados como instrumento para propiciar la suspensión de los procedimientos.

**3.** Esta fue emitida luego que la juez, por estipulación de las partes, escuchara la grabación de la vista preliminar en alzada.